MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

MIGUEL DE LA LUZ AGUILAR,
*individually and on behalf of others similarly situated,*

                    *Plaintiff*,

-against-

TACOS GRAND CENTRAL, INC. (D/B/A TACOS TIMES SQUARE), CESAR HERNANDEZ, ELIAS DOE, and RODOLFO HERNANDEZ,

                    *Defendants*.

---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Miguel De La Luz Aguilar ("Plaintiff De La Luz Aguilar" or "Mr. De La Luz Aguilar"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Tacos Grand Central, Inc. (d/b/a Tacos Times Square), ("Defendant Corporation"), Cesar Hernandez, Elias Doe, and Rodolfo Hernandez, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff De La Luz Aguilar is a former employee of Defendants Tacos Grand Central, Inc. (d/b/a Tacos Times Square), Cesar Hernandez, Elias Doe, and Rodolfo Hernandez.

2. Defendants own, operate, or control a taco restaurant, located at 134 East 27th St. New York, New York 10016 under the name "Tacos Times Square."

3. Upon information and belief, individual Defendants Cesar Hernandez, Elias Doe, and Rodolfo Hernandez, serve or served as owners, managers, principals, or agents of Defendant

Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff De La Luz Aguilar was employed as a delivery worker and cleaner at the restaurant located at 134 East 27th St. New York, New York 10016.

5. Plaintiff De La Luz Aguilar was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to washing pots and pans, cleaning the oven, cleaning the stove top, sweeping and mopping the restaurant (hereafter the "non-tipped duties").

6. At all times relevant to this Complaint, Plaintiff De La Luz Aguilar worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7. Rather, Defendants failed to pay Plaintiff De La Luz Aguilar appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Defendants employed and accounted for Plaintiff De La Luz Aguilar as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

9. Regardless, at all relevant times, Defendants paid Plaintiff De la Luz Aguilar at a rate that was lower than the required tip-credit rate.

10. However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff De La Luz Aguilar's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11. Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff De la Luz Aguilar's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying

Plaintiff De la Luz Aguilar at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

12. Defendants' conduct extended beyond Plaintiff De La Luz Aguilar to all other similarly situated employees.

13. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De La Luz Aguilar and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14. Plaintiff De La Luz Aguilar now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

15. Plaintiff De La Luz Aguilar seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff De La Luz Aguilar's state law claims under 28 U.S.C. § 1367(a).

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a taco restaurant located in this district. Further, Plaintiff De La Luz Aguilar was employed by Defendants in this district.

## PARTIES

*Plaintiff*

18. Plaintiff Miguel De La Luz Aguilar ("Plaintiff De La Luz Aguilar" or "Mr. De La Luz Aguilar") is an adult individual residing in Queens County, New York.

19. Plaintiff De La Luz Aguilar was employed by Defendants at Tacos Times Square from approximately March 2019 until on or about November 19, 2020.

20. Plaintiff De La Luz Aguilar consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21. At all relevant times, Defendants owned, operated, or controlled a taco restaurant, located at 134 East 27th St. New York, New York 10016 under the name "Tacos Times Square."

22. Upon information and belief, Tacos Grand Central, Inc. (d/b/a Tacos Times Square) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 134 East 27th St. New York, New York 10016.

23. Defendant Cesar Hernandez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Cesar Hernandez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Cesar Hernandez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff De La Luz Aguilar, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24. Defendant Elias Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Elias Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Elias Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff De La Luz Aguilar, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25. Defendant Rodolfo Hernandez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rodolfo Hernandez is sued individually in his capacity as a manager of Defendant Corporation. Defendant Rodolfo Hernandez possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff De La Luz Aguilar, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26. Defendants operate a taco restaurant located in the Kipps Bay section of Midtown East Manhattan in New York City.

27. Individual Defendants, Cesar Hernandez, Elias Doe, and Rodolfo Hernandez, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

28. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29. Each Defendant possessed substantial control over Plaintiff De La Luz Aguilar's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff De La Luz Aguilar, and all similarly situated individuals, referred to herein.

30. Defendants jointly employed Plaintiff De La Luz Aguilar (and all similarly situated employees) and are Plaintiff De La Luz Aguilar's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31. In the alternative, Defendants constitute a single employer of Plaintiff De La Luz Aguilar and/or similarly situated individuals.

32. Upon information and belief, Individual Defendants Cesar Hernandez and Elias Doe operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33. At all relevant times, Defendants were Plaintiff De La Luz Aguilar's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff De La Luz Aguilar, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff De La Luz Aguilar's services.

34. From 2019 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36. Plaintiff De La Luz Aguilar is a former employee of Defendants who ostensibly was employed as delivery worker and cleaner. However, he spent over 20% of each shift performing the non-tipped duties described above.

37. Plaintiff De La Luz Aguilar seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Miguel De La Luz Aguilar*

38. Plaintiff De La Luz Aguilar was employed by Defendants from approximately March 2019 until on or about November 19, 2020.

39. Defendants ostensibly employed Plaintiff De La Luz Aguilar as a delivery worker.

40. However, Plaintiff De La Luz Aguilar was also required to spend a significant portion of his work day performing the non-tipped duties described above.

41. Although Plaintiff De La Luz Aguilar ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

42. Plaintiff De La Luz Aguilar regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43. Plaintiff De La Luz Aguilar's work duties required neither discretion nor independent judgment.

44. Throughout his employment with Defendants, Plaintiff De La Luz Aguilar regularly worked in excess of 40 hours per week.

45. From approximately March 2019 until on or about November 19, 2020, Plaintiff De La Luz Aguilar worked from approximately 5:00 p.m. until on or about 1:00 a.m., Mondays to Fridays and from approximately 12:00 p.m. until on or about 9:30 p.m., on Saturdays (typically 46.25 hours per week).

46. Throughout his employment, Defendants paid Plaintiff De La Luz Aguilar his wages by check.

47. From approximately March 2019 until on or about November 19, 2020, Defendants paid Plaintiff De La Luz Aguilar $11.25 per hour.

48. Plaintiff De La Luz Aguilar was never notified by Defendants that his tips were being included as an offset for wages.

49. Defendants did not account for these tips in any daily or weekly accounting of Plaintiff De La Luz Aguilar's wages.

50. On a number of occasions, Defendants required Plaintiff De La Luz Aguilar to sign a document, the contents of which he was not allowed to review in detail.

51. Defendants did not provide Plaintiff De La Luz Aguilar an accurate statement of wages, as required by NYLL 195(3).

52. Defendants did not give any notice to Plaintiff De La Luz Aguilar, in English and in Spanish (Plaintiff De La Luz Aguilar's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53. Defendants required Plaintiff De La Luz Aguilar to purchase "tools of the trade" with his own funds—including a bicycle and bicycle repairs.

*Defendants' General Employment Practices*

54. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff De La Luz Aguilar (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

55. Plaintiff De La Luz Aguilar was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56. Defendants' pay practices resulted in Plaintiff De La Luz Aguilar not receiving payment for all his hours worked, and resulted in Plaintiff De La Luz Aguilar's effective rate of pay falling below the required minimum wage rate.

57. Defendants required Plaintiff De La Luz Aguilar and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

58. Plaintiff De La Luz Aguilar and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

59. Plaintiff De La Luz Aguilar's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

60. Plaintiff De La Luz Aguilar and all other tipped workers were paid at a rate that was below the required lower tipped credit rate.

61. However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff De La Luz Aguilar's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

62. New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

63. In violation of federal and state law as codified above, Defendants classified Plaintiff De La Luz Aguilar and other tipped workers as tipped employees, and paid them at a rate that was below the required tipped credit rate, when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

64. Defendants failed to inform Plaintiff De La Luz Aguilar who received tips that Defendants intended to take a deduction against Plaintiff De La Luz Aguilar's earned wages for tip income, as required by the NYLL before any deduction may be taken.

65. Defendants failed to inform Plaintiff De La Luz Aguilar who received tips, that his tips were being credited towards the payment of the minimum wage.

66. Defendants failed to maintain a record of tips earned by Plaintiff De La Luz Aguilar who worked as a delivery worker for the tips he received. Defendants' time keeping system did not reflect the actual hours that Plaintiff De La Luz Aguilar worked.

67. On a number of occasions, Defendants required Plaintiff De La Luz Aguilar to sign a document the contents of which he was not allowed to review in detail.

68. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff De La Luz Aguilar (and similarly situated individuals) worked, and to avoid paying Plaintiff De La Luz Aguilar properly for his full hours worked.

69. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

70. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff De La Luz Aguilar and other similarly situated former workers.

71. Defendants failed to provide Plaintiff De La Luz Aguilar and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

72. Defendants failed to provide Plaintiff De La Luz Aguilar and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

73.     Plaintiff De La Luz Aguilar brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

74.     At all relevant times, Plaintiff De La Luz Aguilar and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

75.     The claims of Plaintiff De La Luz Aguilar stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

76.     Plaintiff De La Luz Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

77.     At all times relevant to this action, Defendants were Plaintiff De La Luz Aguilar's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff De La Luz Aguilar (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

78.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

79. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

80. Defendants failed to pay Plaintiff De La Luz Aguilar (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

81. Defendants' failure to pay Plaintiff De La Luz Aguilar (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

82. Plaintiff De La Luz Aguilar (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

83. Plaintiff De La Luz Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

84. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff De La Luz Aguilar (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85. Defendants' failure to pay Plaintiff De La Luz Aguilar (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

86. Plaintiff De La Luz Aguilar (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

87. Plaintiff De La Luz Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

88. At all times relevant to this action, Defendants were Plaintiff De La Luz Aguilar's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff De La Luz Aguilar, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

89. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff De La Luz Aguilar less than the minimum wage.

90. Defendants' failure to pay Plaintiff De La Luz Aguilar the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

91. Plaintiff De La Luz Aguilar was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

92. Plaintiff De La Luz Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff De La Luz Aguilar overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94. Defendants' failure to pay Plaintiff De La Luz Aguilar overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95. Plaintiff De La Luz Aguilar was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

96.	Plaintiff De La Luz Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

97.	Defendants failed to provide Plaintiff De La Luz Aguilar with a written notice, in English and in Spanish (Plaintiff De La Luz Aguilar's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

98.	Defendants are liable to Plaintiff De La Luz Aguilar in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

99.	Plaintiff De La Luz Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

100.	With each payment of wages, Defendants failed to provide Plaintiff De La Luz Aguilar with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101. Defendants are liable to Plaintiff De La Luz Aguilar in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

102. Plaintiff De La Luz Aguilar repeats and realleges all paragraphs above as though fully set forth herein.

103. Defendants required Plaintiff De La Luz Aguilar to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

104. Plaintiff De La Luz Aguilar was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff De La Luz Aguilar respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff De La Luz Aguilar and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff De La Luz Aguilar and the FLSA Class members;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff De La Luz Aguilar and the FLSA Class members;

(e) Awarding Plaintiff De La Luz Aguilar and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff De La Luz Aguilar and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff De La Luz Aguilar;

(h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff De La Luz Aguilar;

(i) Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiff De La Luz Aguilar's compensation, hours, wages and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff De La Luz Aguilar;

(k) Awarding Plaintiff De La Luz Aguilar damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(l) Awarding Plaintiff De La Luz Aguilar damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff De La Luz Aguilar liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation

shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff De La Luz Aguilar and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff De La Luz Aguilar and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal

and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff De La Luz Aguilar demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 5, 2021

                                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                                        By:  /s/ Michael Faillace
                                                    Michael Faillace [MF-8436]
                                                    60 East 42nd Street, Suite 4510
                                                    New York, New York 10165
                                                    Telephone: (212) 317-1200
                                                    Facsimile: (212) 317-1620
                                                    *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

March 2, 2021

BY ELECTRONIC SIGNATURE

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Miguel de la Luz Aguilar

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:             02 de Marzo 2021