UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
:
MIGUEL DE LA LUZ AGUILAR, *individually and* : **Case No.: 21-cv-01963**
*on behalf of others similarly situated*, :
:
*Plaintiff*, :
  v. :
: **ANSWER**
TACOS GRAND CENTRAL, INC. (D/B/A TACOS :
TIMES SQUARE), CESAR HERNANDEZ, ELIAS :
DOE, and RODOLFO HERNANDEZ, :
:
     *Defendants*.
-------------------------------------------------------------------x

Defendants Tacos Grand Central, Inc. (d/b/a Tacos Times Square), Cesar Hernandez, Elias Doe, and Rodolfo Hernandez (collectively "Defendants"), by and through their respective undersigned counsel, hereby answer the Plaintiffs' Complaint as follows:

## NATURE OF ACTION

1. Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in paragraph 1.

2. Defendants admit that Tacos Grand Central Inc, (d/b/a Tacos Times Square) is located at 134 East 27th St. New York, New York 10016 and otherwise denies the remainder of the allegations in paragraph 2 of the Complaint.

3. Defendants deny the allegations in paragraph 3 of the Complaint.

4. Defendants deny the allegations in paragraph 4 of the Complaint.

5. Defendants deny the allegations in paragraph 5 of the Complaint.

6. Defendants deny the allegations in paragraph 6 of the Complaint.

7. Defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in paragraph 15.

## JURISDICTION AND VENUE

16. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 16 of the Complaint.

17. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 17 of the Complaint.

## PARTIES

*Plaintiff*

18. Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 20 of the Complaint.

*Defendants*

21. Defendants deny the allegations in paragraph 21 of the Complaint

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 24 of the Complaint.

25. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 25 of the Complaint.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 33 of the Complaint.

34. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 34 of the Complaint.

35. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 35 of the Complaint.

*Individual Plaintiff*

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 37 of the Complaint.

*Plaintiff Miguel De La Luz Aguilar*

38. Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in paragraph 38.

39. Defendants deny knowledge or information sufficient to form a basis to respond to the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 51 of the Complaint.

52. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 52 of the Complaint.

53. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 53 of the Complaint.

*Defendants' General Employment Practices*

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 61 of the Complaint.

62. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 62 of the Complaint.

63. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 63 of the Complaint.

64. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

68. Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 71 of the Complaint.

72. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 72 of the Complaint.

## FLSA COLLECTIVE ACTION CLAIMS

73. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 73 of the Complaint.

74. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

76. Defendants incorporate their responses set forth above, as though fully set forth herein.

77. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 77 of the Complaint.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 79 of the Complaint.

80. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 80 of the Complaint.

81. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 81 of the Complaint.

82. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 82 of the Complaint.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

83. Defendants incorporate their responses set forth above, as though fully set forth herein.

84. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 84 of the Complaint.

85. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 85 of the Complaint.

86. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 86 of the Complaint.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

87. Defendants incorporate their responses set forth above, as though fully set forth herein.

88. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 88 of the Complaint.

89. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 89 of the Complaint.

90. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 90 of the Complaint.

91. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 91 of the Complaint.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

92. Defendants incorporate their responses set forth above, as though fully set forth herein.

93. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 93 of the Complaint.

94. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 94 of the Complaint.

95. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 95 of the Complaint.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

96. Defendants incorporate their responses set forth above, as though fully set forth herein.

97. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 97 of the Complaint.

98. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 98 of the Complaint.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

99. Defendants incorporate their responses set forth above, as though fully set forth herein.

100. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 100 of the Complaint.

101. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 101 of the Complaint.

**SEVENTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

102. Defendants incorporate their responses set forth above, as though fully set forth herein.

103. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 103 of the Complaint.

104. Defendants refer all questions of law to the Court at the trial of this action and otherwise deny the remainder of the allegations in paragraph 104 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

105. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

106. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or any other applicable statutes of limitation, such claims are barred.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

107. This Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under the New York State Law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

108. Defendants, at all times, acted in good faith to comply with the FLSA and the NYLL, and with reasonable grounds to believe that its actions did not violate the statutes cited in the Complaint, and Defendant asserts a lack of willfulness or intent to violate the FLSA or the NYLL as a defense to any claim by Plaintiff for liquidated damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

109. Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because such actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative

regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

110. Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not in violation of the FLSA or the NYLL.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

111. Plaintiffs' claims are barred, in whole or in part, to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207, or the NYLL.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

112. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

113. If Plaintiffs succeeds in establishing a violation under the FLSA or the NYLL, and to the extent any sums are found due and owing to Plaintiff, which is expressly denied, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above his wages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

114. Any claim for additional compensation by Plaintiffs must be reduced by compensation already paid to Plaintiffs for periods not compensable under the FLSA and/or the NYLL.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

115. Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the FLSA or the NYLL.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

116. Plaintiffs are not entitled to any equitable relief because he has an adequate remedy at law. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

117. Plaintiffs' Complaint is presented in conclusory and vague terms, which prevents Defendants from anticipating all affirmative defenses and claims that may be applicable in this action. Therefore, to the extent permitted under the Federal Rules of Civil Procedure and applicable case law, Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

118. Plaintiffs' claims are barred, in whole or in part, by the provisions of 29 U.S.C. § 207, because the defendant was not, at any relevant time, an enterprise engaged in commerce within the meaning of the law.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

119. Plaintiffs' claims are barred, in whole or in part, under the doctrine of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

120. Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by the Plaintiff, and Defendant did not authorize, require, request, suffer, or permit such activity by the Plaintiff as forth in the Complaint.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

121. The Complaint, and each cause of action thereof, is barred – or the damages flowing therefrom reduced – because Plaintiffs failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendant from taking any action to remedy such alleged violations.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

122. Plaintiffs are not entitled to an award of liquidated damages under both FLSA and NYLL with respect to the same violation. As such, Plaintiffs' allegations of entitlement to both in the Complaint are improper and must be dismissed.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

123. In addition to the foregoing defenses, Defendants reserve the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

WHEREFORE, Defendants request judgment against the Plaintiffs with respect to his claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Dated: New York, New York
April 28, 2021

Respectfully Submitted,

**KOUTSOUDAKIS & IAKOVOU LAW GROUP, PLLC**

/s/ Andreas Koutsoudakis
By: Andreas Koutsoudakis, Esq. (AK4162)
Maria Filindarakis, Esq.
*Attorneys for Defendants*
90 Broad Street, 10th Floor
New York, NY 10004
(O): (212) 386-7606
(D): (212) 710-2607
(E): andreas@kilegal.com
maria@kilegal.com