```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
MIGUEL DE LA LUZ AGUILAR, *individually and on behalf of others similarly situated*,

                    Plaintiff,

-against-

TACOS GRAND CENTRAL, INC. (D/B/A TACOS TIMES SQUARE), CESAR HERNANDEZ, ELIAS DOE, and RODOLFO HERNANDEZ,

                    Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/2021
```

21 Civ. 1963 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. ECF No. 25. Accordingly,

    This action shall not be dismissed with prejudice unless the settlement agreement has been approved by the Court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Accordingly, to the extent the parties seek dismissal with prejudice, they must either file a joint letter motion requesting that the Court approve the settlement agreement or, alternatively, provide documentation of the approval by DOL. Any letter motion, along with the settlement agreement, must be filed on the public docket by **September 13, 2021**. The letter motion must explain why the proposed settlement is fair and reasonable and should discuss, at a minimum, the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement plaintiff's attorney shall be seeking as fees. *See Cheeks*, 796 F.3d at 202, 207.

    Any request for attorneys' fees must be accompanied by supporting documentation. "In this circuit, a proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'" *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) (quoting *Wolinsky*, 900 F. Supp. 2d at 336).

Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form.  *See id.* at 177 n. 44.  In addition, absent compelling circumstances, the Court will not approve settlement agreements containing sweeping non-disclosure provisions, *see id.* at 179–80; *Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015), or broad releases waiving claims having no relation to FLSA issues, *see Flood*, 2015 WL 4111668, at *2.

Any pending motions are moot.  All conferences are vacated.

SO ORDERED.

Dated: August 13, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge