# SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiff MIGUEL DE LA LUZ AGUILAR ("Plaintiff") and Defendants TACOS GRAND CENTRAL, INC. (D/B/A TACOS TIMES SQUARE), CESAR HERNANDEZ, ELIAS BALLINAS, and RODOLFO HERNANDEZ, ("Defendants") ("Plaintiff" and "Defendants" are jointly referred to as "Parties").

**WHEREAS**, the Action was initially brought as a putative collective action, but Plaintiff never sought to certify the Action as a collective action and thus the Action did not proceed collectively; and

**WHEREAS**, on April 28, 2021, Defendants filed their Answer to the Complaint, denying the material allegations of the Complaint and asserting various defenses and crossclaims against the co-defendants; and

**WHEREAS**, there is a bona fide dispute as to the viability of Plaintiff's claims and whether, and to the extent that Defendants are liable to Plaintiff for unpaid wages, overtime or other compensation; and

**WHEREAS**, the Parties have determined it is in their mutual interests to settle the Action and all other matters between them; and

**WHEREAS**, the Parties desire to have no further obligations to each other, except as specifically provided herein; and

**WHEREAS**, throughout the negotiation and execution of this Agreement, Plaintiff has been represented by his counsel, Clela A. Errington, Esq., Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, telephone number (212) 317-1200 ("Plaintiff's Attorneys"); and

**WHEREAS**, Defendants have been represented by their counsel, Steven Siegler, Esq., Esq., Koutsoudakis & Iakovou Law Group, PLLC, 90 Broad Street, 10th Floor, New York, NY 10004, telephone number (212) 386-7606 ("Defendants' Attorneys"); and

**WHEREAS**, the Parties acknowledge that they have each entered into the Agreement freely and voluntarily, without threats or coercion of any kind by anyone, after an arms-length negotiation between the Parties and their respective attorneys and with the assistance of a mediator experienced in actions of this nature; and

**WHEREAS**, the Parties acknowledge that they each understand the meaning and effect of the execution of this Agreement.

**NOW THEREFORE**, in consideration of the mutual covenants and undertakings set forth in this Agreement, and for good and valuable consideration, the sufficiency of which is acknowledged hereby, Plaintiff and Defendants, intending to be legally bound, hereby agree as follows:

{00600353.DOCX.3}

1. **Consideration.** In exchange for, and in consideration of, the covenants and promises contained herein, including Plaintiff's release of claims against Defendants and the Releasees (as defined herein) as set forth in Paragraph 3 below, Defendants shall pay to Plaintiff the total sum of Seven Thousand Five Hundred Dollars ($7,500.00) (the "Settlement Amount") as follows:

    a. (i) An initial payment in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) (the "Initial Payment") as follows:

        A) a check in the amount of Eight Hundred Thirty Three Dollars and Thirty-Three Cents ($833.33) made payable to "Michael Faillace & Associates, P.C.," for immediate deposit fifteen (15) days after Court Approval of the Agreement;

        B) a check in the amount of One Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($1,666.67) made payable to MIGUEL DE LA LUZ AGUILAR for immediate deposit fifteen (15) days after Court Approval of the Agreement; and

    (ii) A second payment in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) (the "Second Payment") as follows:

        A) a check in the amount of Eight Hundred Thirty Three Dollars and Thirty-Three Cents ($833.33) made payable to "Michael Faillace & Associates, P.C.," for immediate deposit forty-five (45) days after Court Approval of the Agreement;

        B) a check in the amount of One Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($1,666.67) made payable to MIGUEL DE LA LUZ AGUILAR for immediate deposit forty-five (45) days after Court Approval of the Agreement; and

    (iii) A third payment in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) (the "Third Payment") as follows:

        A) a check in the amount of Eight Hundred Thirty Three Dollars and Thirty-Three Cents ($833.33) made payable to "Michael Faillace & Associates, P.C.," for immediate deposit seventy-five (75) days after Court Approval of the Agreement;

        B) a check in the amount of One Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($1,666.67) made payable to MIGUEL DE LA LUZ AGUILAR for immediate deposit seventy-five (75) days after Court Approval of the Agreement; and

b.       The payments set forth in Paragraph 1.a. of this Agreement shall be mailed or delivered to: Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165, Attn: Clela A. Errington, Esq., to be made in time to be immediately deposited at the time prescribed by Paragraph 1.a.(ii).

c.       Defendants shall be in curable default if they fail to make any payment when due pursuant to Paragraphs 1.a and 1.b of this Agreement. Plaintiff or their authorized agent shall send a notice via First Class Mail and Email of such default addressed to Defendants' attorney, whereupon Defendants shall have the right to cure the default within ten (10) business days of Defendants' attorneys' receipt of Plaintiff's notice of default.

d.       Except as set forth in this Paragraph 1, Plaintiff is not entitled to, and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledges and agrees that by entering into this Agreement, he is not otherwise entitled to receive the consideration from Defendants or Releasees, except as provided for in this Agreement. Plaintiff both acknowledges and agrees that after receipt of the Settlement Amount as set forth in this Paragraph 1, he has been paid and/or have each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which each of them is, was, or may have been, entitled from Defendants.

e.       The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants arising from or concerning the payment of wages or benefits in connection with employment, liquidated damages, interest, attorneys' fees and costs and all claims for wages or other compensation which were or could have been asserted in the Plaintiff's Complaint and all other related matters.

f.       Plaintiff both represents that he is not aware of any existing lien against his recovery in this action. Plaintiff agrees to release, hold harmless and indemnify Defendants (including Defendants' reasonable costs and attorney's fees) from any claim asserting a lien or claim against the settlement proceeds with respect to any liens, known or unknown, including but not limited to, any existing lien or one arising under Section 475 of the New York Judiciary Law, against his recovery in this action, including that portion of the recovery representing fees for legal services.

g.       Plaintiff further acknowledges that Defendants, their administrators, successors and assigns, in paying the agreed-upon Settlement Amount under the Agreement, are not responsible for the satisfaction of any lien upon Plaintiff's respective or total recovery in this action, and further acknowledge that the satisfaction of any lien, known or unknown, against Plaintiff's recovery in this action is exclusively their responsibility. Plaintiff further agrees that should litigation be commenced against Defendants, or any of their successors or assigns, with respect to the enforcement and satisfaction of any liens, known or unknown,

relating to Plaintiff's recovery in this action, as well as that portion representing fees for legal services. Plaintiff shall fully indemnify Defendants, and their successors and assigns, for any and all liability arising in that litigation, including reasonable costs and attorneys' fees related to Defendants' defense of that action, and/or the defense of their successors and assigns.

h.   Upon Court Approval of the Agreement, Defendants will issue, or cause to be issued, to Michael Faillace & Associates, P.C., and the Plaintiff an IRS Form 1099 regarding the payment of the Settlement Amount made pursuant to this Paragraph 1.

i.   If, for any reason, it is determined by any federal, state or local authority that the sums and payments set forth in this Paragraph 1, or any portion thereof, should have been subject to taxation or withholding, Plaintiff agrees that he shall assume all responsibility for the payment of any taxes, interest and penalties assessed in connection therewith, and that each of them shall indemnify and hold harmless Defendants from any withholding or tax payment, interest or penalties required to be paid by Defendants thereon, except for Defendants' share of any FICA payment that may be due. Plaintiff further agrees and understands that, in the event Defendants are required to enforce the terms of this indemnification-and-hold-harmless provision, Plaintiff will reimburse Defendants for their reasonable attorneys' fees and costs associated with such enforcement.

2.   **Failure to Pay.** Defendants shall execute Confessions of Judgment in the form of Exhibit A attached hereto entitling Plaintiff to recover from Defendants jointly and severally: (i) Eleven Thousand Two Hundred Fifty Dollars ($11,250.00) less the amount of any payments already made; (ii) interest at the rate of 9% per annum under the New York Civil Practice Law and Rules accruing from the date in which their obligations to make the payments is breached; (iii) reasonable attorneys' fees and costs incurred in any action or proceeding to enforce the payment terms of the Agreement. Defendants shall deliver to Michael A. Faillace, Esq. and Associates, P.C. the executed and notarized original Confessions of Judgment contemporaneously with Defendants' execution of this Agreement. Plaintiff's attorneys shall hold the executed and notarized confession(s) of judgment in escrow, and the confession(s) of judgment shall not be filed with the Court unless: (i) Defendants fail to make any payment when due pursuant to Paragraphs 1.a. and 1.b. of this Agreement; (ii) Plaintiff provided Defendants a notice of default in the manner prescribed pursuant to Paragraph 1.c. of this Agreement; and (iii) Defendants failed to cure the default pursuant to Paragraph 1.c. of this Agreement by making payment of the delinquent payment within ten (10) business days of Defendants' attorneys' receipt of Plaintiff's notice of default.

3.   **Limited Release of Claims.** In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually on behalf of his children, spouse, agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives, hereby waive, discharge and release (i) TACOS GRAND CENTRAL INC. and its current and former parents, subsidiaries, divisions, branches, assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former

directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (ii) CESAR HERNANDEZ in their individual and corporate capacities, and their heirs, executors, administrators, attorneys, successors and assigns; (iii) ELIAS BALLINAS in their individual and corporate capacities, and their heirs, executors, administrators, attorneys, successors and assigns; and (iv) RODOLFO HERNANDEZ in their individual and corporate capacities, and their heirs, executors, administrators, attorneys, successors and assigns and (collectively, "Releasees") from any and all actions, causes of action, obligations, liabilities, claims, debts, losses, charges, grievances, complaints, suits and/or demands that Plaintiff may have, known or unknown, contingent or otherwise, arising from Defendants' compensation of Plaintiff during his employment with any Defendant, including but not limited to the release of any claims for unpaid, inaccurate payment of, or nonpayment of wages, tips and any other compensation, failure to provide requisite notice of pay rate or wage statements, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours, including but not limited to federal and New York law (29 U.S.C. §§ 201, *et. seq.*, New York Labor Law §§ 191, 195, 198 (1-b), 198 (1-d), 650, *et. seq.*, and relevant sections of N.Y. Comp. Codes R. & Regs.) and any other claims whatsoever alleged in the Complaint and all wage and hour claims which could have been alleged, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. This release does not include a release of any rights Plaintiff may have under this Agreement.

It is the intention of the Parties in executing this Agreement that it shall be a release of all claims arising from or concerning Defendants' compensation of Plaintiff during his employment with any Defendant in all respects and shall be effective as a bar to each and every matter released herein and that, should any proceeding be instituted with respect to matters released herein, this Agreement shall be deemed in full and complete accord, satisfaction and settlement of any such released matter and sufficient basis for its dismissal. Plaintiff acknowledges and agrees that, by signing this Agreement, he is surrendering and giving up any right he has or may have, without limiting the generality of any other provision herein, to assert any claim, arising from or concerning Defendants' compensation of Plaintiff during his employment with any Defendant, against or involving Defendants and the Releasees, or to permit himself (Plaintiff) to become and/or remain a member of any class seeking relief against Defendants and the Releasees arising from, or in any way relating to, Plaintiff's compensation by Defendants.

4. **Discontinuance of Claims.** Plaintiff acknowledges and agrees that, other than the Action, he is not presently aware of any legal proceedings pending between Plaintiff and/or his representatives and Defendants or the Releasees. It is the intention of the Parties that this Agreement is intended to extinguish all claims Plaintiff asserted against Defendants and Releasees in the Action, and that the Action be dismissed with prejudice. Plaintiff agrees to dismiss and withdraw the Action by executing the Stipulation of Voluntary Dismissal with Prejudice against all defendants in the form annexed hereto as Exhibit B ("Stipulation"), which Stipulation shall be filed by Plaintiff's Attorney within seven (7) days of receipt of the Initial Payment, on ECF to be reviewed, approved, and So-Ordered by the Court, as such approval is required by Second Circuit case law. Plaintiff agrees to refrain from re-filing any and all claims against Defendants, the co-defendants, and the Releasees, including, but not limited to, any and all claims asserted, or which could have been asserted, in the Action.

5. **Agreement Not to File Suit or Arbitration for Past Acts.** Plaintiff, for and on behalf of himself and each of his beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agrees that he will not file or otherwise submit any claim, complaint, arbitration request, or action to any court or judicial forum (nor will Plaintiff permit any person, group of persons, or organization to take such action his behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees pertaining to any claim being released herewith arising before execution of this Agreement. Plaintiff further agree that in the event that any person or entity should bring such a claim, complaint, or action on their behalf, Plaintiff hereby waives and forfeits any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action and will exercise every good faith effort (but will not be obliged to incur any expense) to have such claim dismissed. Plaintiff understands that the provisions of this Paragraph mean that he cannot bring a future lawsuit against Defendants arising out of any actions or failures to act pertaining to any claim being released herewith arising before Plaintiff's execution of this Agreement.

6. **Attorneys' Fees in Suit.** If the Plaintiff breaches the terms of this Agreement, and/or files a lawsuit or arbitration regarding claims for actions or inactions pertaining to any claim being released herewith that have predated the execution of this Agreement, then such Plaintiff(s) will be required and compelled to pay for all fees and costs incurred by the Releasees, including reasonable attorneys' fees, in defending against such claims and/or in seeking or obtaining the dismissal of the same. Similarly, if any or all of the Defendants breach the terms of this Agreement, then such Defendant(s) will be required and compelled to pay for all fees and costs incurred by the Plaintiff, including reasonable attorneys' fees.

7. **Denial of Wrongdoing.** Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remuneration under it, shall be construed, considered or deemed to be an admission of liability or wrongdoing by Defendants or the Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure the enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

8. **Statement of Fairness.** The Parties acknowledge and agree this settlement is in Plaintiff's and Defendants' respective best interest given the extent of the disputed issues of fact described herein, and taking into account the strengths and weaknesses of each party's case. The Parties agree that the uncertainty of the outcome of trial warrants a settlement in the amount of $7,500.00. The Parties further agree that even taking into account the Plaintiff's attorneys' fees to be deducted from the Settlement Amount, the gross settlement of $7,500.00 adequately compensates Plaintiff for unpaid wages as well as a measure of liquidated damages.

9. **Miscellaneous Acknowledgments and Affirmations.**

   a. Plaintiff affirms that upon payment of the Settlement Amount he has been paid and/or have received all compensation, wages, bonuses, tips, commissions, and/or benefits to which he may be entitled.

b. Plaintiff affirms that he has been granted any leave to which he was entitled and have not been retaliated against for exercising any rights to leave.

10. **Notices.** Unless otherwise provided for herein, all notices to be served under this Agreement shall be provided via email and First Class Mail, to the following:

    a. If to Defendants:
        Steven Siegler, Esq.
        Koutsoudakis & Iakovou Law Group, PLLC
        90 Broad Street, 3rd Floor
        New York, NY 10004
        andreas@kilegal.com

    b. If to Plaintiff:
        Clela A. Errington, Esq.
        Michael Faillace & Associates, P.C.
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        cerrington@faillacelaw.com

11. **Choice of Law and Forum.** This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles.

12. **Entire Agreement.** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understandings between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

13. **Modification.** This Agreement may not be changed unless the change is in writing and signed by Plaintiff and his attorneys and an authorized representative of Defendants.

14. **General Provisions.** The failure of any party to this Agreement to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

15. **Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

16. **Legal Counsel.** Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement, which includes a release. Plaintiff hereby acknowledges that he

was fully and fairly represented by Michael Faillace & Associates, P.C., in connection with the review, negotiation and signing of this Agreement.

17.  **Competence to Waive Claims.** At the time of considering or executing this Agreement, MIGUEL DE LA LUZ AGUILAR was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and knowingly and voluntarily waive any and all claims he may have against the Releasees. Plaintiff certifies that he is not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair his right or ability to waive all claims he may have against the Releasees.

18.  **Execution.** The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO IT OF HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

[SIGNATURE PAGE TO FOLLOW]

## PLAINTIFF

MIGUEL DE LA LUZ AGUILAR

*Miguel de la luz*

Dated: 9/10/21


## DEFENDANTS.

TACOS GRAND CENTRAL, INC.

By: _____

Dated: 9-24-21

By: _____
ELIAS BALLINAS, Individually

Dated: 9-24-21

By: _____
CESAR HERNANDEZ, Individually

Dated: 9-24-21

By: _____
RODOLFO HERNANDEZ, Individually

Dated: 9-24-21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------x
MIGUEL DE LA LUZ AGUILAR,

                              Plaintiffs,

       -against-                        **AFFIDAVIT OF CONFESSION OF JUDGMENT**

TACOS GRAND CENTRAL, INC. (D/B/A
TACOS TIMES SQUARE), CESAR
HERNANDEZ, ELIAS BALLINAS, and
RODOLFO HERNANDEZ,

                              Defendants.
------------------------------------x

STATE OF NEW YORK   )
                         : ss.:
COUNTY OF NewYork  )

      Elias Ballinas , being duly sworn, deposes and says:

      4.     I, Elias Ballinas am an officer of Tacos Grand Central, Inc. I am duly authorized to make this affidavit of confession of judgment on behalf of Tacos Grand Central, Inc.

      3.     Tacos Grand Central, Inc. maintains its principal place of business in New York County at 134 East 27th St. New York, New York 10016.

      4.     Pursuant to the terms of the Settlement Agreement and Release by and between Miguel De La Luz Aguilar ("Plaintiff") on the one hand and Tacos Grand Central, Inc., Cesar Hernandez, Elias Ballinas, and Rodolfo Hernandez ("Defendants") on the other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against myself in favor of Plaintiffs for the sum of $11,250.00, less any payments made under the Settlement Agreement.

      5.     This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $7,500.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $7,500.00, plus liquidated damages of $3,750.00 for a total of $11,250.00.

      6.     This affidavit is made upon good and valuable consideration, the sufficiency of

which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, County of New York a judgment for $11,250.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule in paragraph 1 of the Settlement Agreement), against Tacos Grand Central, Inc., jointly and severally with confessions of judgment against Cesar Hernandez, Elias Ballinas, and Rodolfo Hernandez.

By: _____

_____, on behalf of
TACOS GRAND CENTRAL INC.
Title: OWNER

STATE OF new york )
                  : ss.:

On September 24, 2021, before me personally came Elias Ballinas, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is an officer of Tacos Grand Central, Inc. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Tacos Grand Central Inc., and was authorized to do so.

_____
Notary Public

NATALIE MUNOZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MU6333628
Qualified in Kings County
My Commission Expires 11-30-2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------X

MIGUEL DE LA LUZ AGUILAR,

                                Plaintiffs,

          -against-                         **AFFIDAVIT OF CONFESSION OF JUDGMENT**

TACOS GRAND CENTRAL, INC. (D/B/A
TACOS TIMES SQUARE), CESAR
HERNANDEZ, ELIAS BALLINAS, and
RODOLFO HERNANDEZ,

                                Defendants.

------------------------------------X

STATE OF NEW YORK    )
                           : ss.:
COUNTY OF              )

RODOLFO HERNANDEZ, being duly sworn, deposes and says:

3. I reside at 135 Morrison Ave #C9 in Bronx NY County.

2. Pursuant to the terms of the Settlement Agreement and Release by and between MIGUEL DE LA LUZ AGUILAR ("Plaintiff") on the one hand and Tacos Grand Central, Inc., Cesar Hernandez, Elias Ballinas, and Rodolfo Hernandez ("Defendants") on the other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against myself in favor of Plaintiffs for the sum of $11,250.00, less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $7,500.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $7,500, plus liquidated damages of $3,250.00, for a total of $11,250.00.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and

entered in the Supreme Court of the State of New York, County of New York a judgment for $11,250.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule in paragraph 1 of the Settlement Agreement), against myself, RODOLFO HERNANDEZ, jointly and severally with TACOS GRAND CENTRAL INC., CESAR HERNANDEZ, and ELIAS BALLINAS.

By: _____
RODOLFO HERNANDEZ

Sworn to before me this
25 day of Sept 2021

_____
Notary Public

Silvia I. Landaverde
Notary Public, State of New York
No. 01LA5085233
Qualified in Queens County
Certificate Filed in Kings County
Commission Expires September 15, 2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------- x
MIGUEL DE LA LUZ AGUILAR,

                                  Plaintiffs,

            -against-                            **AFFIDAVIT OF CONFESSION OF JUDGMENT**

TACOS GRAND CENTRAL, INC. (D/B/A
TACOS TIMES SQUARE), CESAR
HERNANDEZ, ELIAS BALLINAS, and
RODOLFO HERNANDEZ,

                                  Defendants.
---------------------------------------- x

STATE OF NEW YORK    )
                              : ss.:
COUNTY OF newyork  )

        CESAR HERNANDEZ, being duly sworn, deposes and says:

1.     I reside at 605 Metropolitan Av in Kings County.

2.     Pursuant to the terms of the Settlement Agreement and Release by and between MIGUEL DE LA LUZ AGUILAR ("Plaintiff") on the one hand and Tacos Grand Central, Inc., Cesar Hernandez, Elias Ballinas, and Rodolfo Hernandez ("Defendants") on the other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against myself in favor of Plaintiffs for the sum of $11,250.00, less any payments made under the Settlement Agreement.

3.     This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $7,500.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $7,500, plus liquidated damages of $3,250.00, for a total of $11,250.00.

4.     This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and

entered in the Supreme Court of the State of New York, County of New York a judgment for $11,250.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule in paragraph 1 of the Settlement Agreement), against myself, CESAR HERNANDEZ, jointly and severally with TACOS GRAND CENTRAL INC., ELIAS BALLINAS, and RODOLFO HERNANDEZ.

By: _____
CESAR HERNANDEZ

Sworn to before me this
24 day of September 2021

_____
Notary Public

NATALIE MUNOZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MU6333628
Qualified in Kings County
My Commission Expires 11-30-2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF __RICHMOND__

-------------------------------------- X

MIGUEL DE LA LUZ AGUILAR,

                           Plaintiffs,

        -against-                           **AFFIDAVIT OF CONFESSION OF JUDGMENT**

TACOS GRAND CENTRAL, INC. (D/B/A
TACOS TIMES SQUARE), CESAR
HERNANDEZ, ELIAS BALLINAS, and
RODOLFO HERNANDEZ,

                           *Defendants.*

-------------------------------------- X

STATE OF NEW YORK    )
                                : ss.:
COUNTY OF _newyork_  )

    ELIAS BALLINAS, being duly sworn, deposes and says:

    2.    I reside at _411 Lisk Ave Staten Island_ in _Richmond_ County.

    2.    Pursuant to the terms of the Settlement Agreement and Release by and between MIGUEL DE LA LUZ AGUILAR ("Plaintiff") on the one hand and Tacos Grand Central, Inc., Cesar Hernandez, Elias Ballinas, and Rodolfo Hernandez ("Defendants") on the other hand, to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against myself in favor of Plaintiffs for the sum of $11,250.00, less any payments made under the Settlement Agreement.

    3.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $7,500.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $7,500, plus liquidated damages of $3,250.00, for a total of $11,250.00.

    4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

    5.    I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and

entered in the Supreme Court of the State of New York, County of New York a judgment for $11,250.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule in paragraph 1 of the Settlement Agreement), against myself, ELIAS BALLINAS, jointly and severally with TACOS GRAND CENTRAL INC., CESAR HERNANDEZ, and RODOLFO HERNANDEZ.

By: _____
ELIAS BALLINAS

Sworn to before me this
24 day of September 2021

_____
Notary Public

NATALIE MUNOZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01MU6333628
Qualified in Kings County
My Commission Expires 11-30-2023

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL DE LA LUZ AGUILAR,, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TACOS GRAND CENTRAL, INC. (D/B/A TACOS TIMES SQUARE), CESAR HERNANDEZ, ELIAS DOE, and RODOLFO HERNANDEZ,<br><br>Defendants. | Case No. 21-CV-01963 |

**STIPULATION OF DISCONTINUANCE WITH PREJUDICE**

Upon the joint application of all parties to the above-captioned action, by their respective counsel, for entry of an Order of Voluntary Dismissal with Prejudice approving the parties' negotiated settlement agreement, and the parties having consented to the entry of this Order; and sufficient cause appearing for the same; after due deliberation; it is

**HEREBY ORDERED AS FOLLOWS**:

1. The duly executed settlement agreement, which includes, among other things, a waiver and release of the Plaintiffs' claims pursuant to the Fair Labor Standards Act of 1938, as amended, has been negotiated in good faith and at arm's length by the parties through their attorneys;

2. The settlement agreement is approved as a fair and reasonable disposition of the Plaintiffs' claims; and

EXHIBIT B

3. This action, including all claims asserted by the Plaintiffs herein, is hereby dismissed with prejudice as against all of the Defendants, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

4. The Court shall retain jurisdiction over this matter to enforce the terms of the parties' settlement agreement, if necessary.

Dated: New York, New York
_____ 2021

| | |
|---|---|
| Clela A. Errington, Esq.<br>Michael Faillace & Associates, P.C.<br>60 East 42nd Street, Suite 4510<br>New York, NY 10165<br>*Attorney for Plaintiffs* | Steven Siegler<br>Koutsoudakis & Iakovou Law Group PLLC<br>90 Broad Street, 10th Floor<br>New York, NY 10004<br>*Attorney for the Defendants* |

SO ORDERED:

_____

ANALISA TORRES
UNITED STATES DISTRICT JUDGE