UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL DE LA LUZ AGUILAR,

                Plaintiff,

-against-

TACOS GRAND CENTRAL, INC. (D/B/A TACOS TIMES SQUARE), CESAR HERNANDEZ, ELIAS DOE, and RODOLFO HERNANDEZ,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/27/2023_
```

21 Civ. 1963 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiff, Miguel De La Luz Aguilar, brings this action against Defendants Tacos Grand Central, Inc., Cesar Hernandez, Elias Doe, and Rodolfo Hernandez, raising claims for, *inter alia*, unpaid minimum and overtime wages under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and parallel claims, as well as spread of hours and wage notice and wage statement claims, under the New York Labor Law (the "NYLL") § 190 *et seq.* Compl., ECF No. 1. Having reached a settlement (the "Settlement"), ECF No. 29-1, the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 29. For the reasons stated below, the motion is DENIED without prejudice to renewal.

## DISCUSSION

### I. Legal Standard

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores,*

*Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel

must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

The Settlement provides Plaintiffs with a recovery of $7,500, inclusive of attorney's fees and costs. Settlement ¶ 1; *see also* Letter at 2. First, turning to attorney's fees, Plaintiff's counsel seeks a fee of one-third of the settlement proceeds in the amount of $2,500. *See* Letter at 2. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citation omitted). Contingency fees of one-third or less in FLSA cases are routinely approved in this Circuit. *See Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of an attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel, CSM Legal, has submitted detailed contemporaneous time records that document the work performed in connection with this matter. ECF No. 29-2. Based on these records, the lodestar in connection with this matter amounts to $6,437.50, reflecting a total of 22.1 hours expended—6.3 of which were expended by paralegals. *Id*. CSM Legal has billed at a claimed hourly rate of $450 for attorney Michael Faillace, $350 for attorney Clela Errington, and $125 for an unnamed employee who is presumably a paralegal. Letter at 3; ECF No. 29-2. Other courts have found similar rates to be reasonable, based on these attorneys' years of experience and Faillace's position as the former managing partner of the firm. *See*, *e.g.*,

3

*Hernandez v. El Azteca y El Guanaco Rest. Corp.*, No. 20 Civ. 10316, 2021 WL 5847648, at *2–3 (S.D.N.Y. Dec. 9, 2021) (finding reasonable rates of $450 for Faillace, $400 for an associate, and $150 for an unnamed paralegal).  The Court, therefore, concludes that the hours expended by Plaintiff's counsel in this matter are reasonable.

The attorney's fees requested, $2,100,[1] amount to a negative multiple of approximately 0.33 of the proffered lodestar.  In other words, Plaintiff's counsel will recover an award of attorney's fees that is less than the lodestar amount.  Courts in this district have found larger awards to be fair and reasonable.  *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *3 (S.D.N.Y. Jan. 2, 2019) ("Courts in this [d]istrict have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." (quotation marks and citation omitted)) (collecting cases); *see also Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 WL 4006896, at *1, *10 (S.D.N.Y. July 1, 2015) ("[A]n award of $105,000 or one-third of the fund—a 1.68 multiplier of the lodestar calculation and a 1.52 multiplier of plaintiffs' counsel's stated hourly rates—is a reasonable attorneys' fee.").  Thus, given that the attorney's fees represent approximately one-third of the total recovery amount, and are less than the lodestar amount, the Court finds that the requested award of attorney's fees is fair and reasonable.

Additionally, Plaintiff's counsel requests costs in the amount of $400, which covers the filing fee associated with this case.  The Court finds that the requested costs, which include the filing fee, are fair and reasonable.

But, the Court finds that it cannot evaluate whether the proposed settlement amount is

---

[1] The amount requested by Plaintiff's counsel is $2,500, inclusive of $2,100 in fees and $400 in costs.  Letter at 2; ECF No. 29-2.

reasonable. The parties state that, based on Plaintiff's recollections, he would be entitled to $19,828.13 in back wages, and Plaintiff estimates that he would be entitled to approximately $11,888.76 based on the time records Defendants produced, which includes actual damages, penalties, and interest. Letter at 2. However, this is not enough for the Court to determine Plaintiff's range of possible recovery, as the parties do not state his maximum recovery for all of his claims. *See* Letter. Without more information about his possible maximum recovery, the Court cannot evaluate whether the proposed settlement is reasonable. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) ("At a minimum, the Court requires evidence as to the nature of plaintiffs' claims, the *bona fides* of the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, [and] the bases of estimates of plaintiffs' maximum possible recovery.").

Moreover, the Settlement contains a liability release clause only as to Defendants, which the Court finds overly broad in three aspects. First, the Settlement binds not only Plaintiff, but also, *inter alia*, his "children, spouse, agents, assignees, heirs, executors, administrators, beneficiaries, trustees, and legal representatives." Settlement ¶ 3. Second, the Settlement releases an impermissibly large number of entities from liability, beyond just Defendants. *Id*. And, third, the Settlement covers:

> any and all actions, causes of action, obligations, liabilities, claims, debts, losses, charges, grievances, complaints, suits and/or demands that Plaintiff may have . . . arising from Defendants' compensation of Plaintiff during his employment with any Defendant, including but not limited to the release of any claims for unpaid, inaccurate payment of, or nonpayment of wage, tips and any other compensation, failure to provide requisite notice of pay rate or wage statements, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours . . . and any other claims whatsoever alleged in the [c]omplaint and all wage and hour claims which could have been alleged.

*Id.* The Settlement further indicates that the parties intend for the Settlement to "be a release of

all claims arising from or concerning Defendants' compensation of Plaintiff during his employment" and that Plaintiff is "surrendering and giving up any right he has or may have . . . to assert any claim, arising from or concerning Defendants' compensation of Plaintiff during his employment." *Id*.

Taken together, the provisions of this release "read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff [and numerous other individuals] ha[ve] against a wide range of unidentified individuals and business[es] only tenuously affiliated with [Defendants]." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019). And, by covering everything "arising from Defendants' compensation of Plaintiff during his employment with any Defendant . . . including but not limited to . . . any claims for unpaid, inaccurate payment of, or nonpayment of wages, tips and any other compensation, failure to provide requisite notice of pay rate or wage statements, and any other related claim under any federal, state or local law, rule, regulation, order or ordinance governing wages and hours . . . and any other claims whatsoever alleged in the [c]omplaint and all wage and hour claims which could have been alleged," Settlement ¶ 3, the release also leaves open the possibility that it applies to claims other than the wage and hour claims that are the focus of this lawsuit, *see Lara*, 2019 WL 6117588, at *2; *cf. Wal-Mart Stores, Inc.*, 396 F.3d at 107. Plaintiff is also afforded no release from liability whatsoever. *See generally* Settlement. The Court cannot, therefore, conclude that the Settlement's release clause is "fair and reasonable" under *Cheeks* and shall not approve it.

Finally, although Plaintiff informed the Court on November 8, 2021, that Plaintiff's law firm had changed its name to CSM Legal P.C., *see* ECF No. 31, the Settlement refers to Plaintiff's counsel's firm as "Michael Faillace & Associates P.C." and provides that checks must

6

be "made payable to 'Michael Faillace & Associates, P.C.,'" *see*, *e.g.*, Settlement ¶ 1. Therefore, the parties shall update the Settlement to include the correct name of Plaintiff's counsel's law firm.

## CONCLUSION

For the foregoing reasons, the parties' request for approval of the Settlement is DENIED without prejudice to refiling a revised settlement agreement by April 27, 2023, that: (1) narrows the release provision (a) so as not to confer an unearned benefit on entities or individuals beyond the parties herein, and (b) to limit release only to claims arising out of the same facts that gave rise to the claims advanced in this action; and (2) includes the correct name of Plaintiff's counsel's law firm. The parties should also submit a revised letter that includes an estimate for Plaintiff's maximum recovery.

SO ORDERED.

Dated: March 27, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge