```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/30/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL DE LA LUZ AGUILAR,

                  Plaintiff,

-against-

TACOS GRAND CENTRAL, INC. (D/B/A TACOS TIMES SQUARE), CESAR HERNANDEZ, ELIAS DOE, and RODOLFO HERNANDEZ,

                  Defendants.

21 Civ. 1963 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiff, Miguel De La Luz Aguilar, brings this action against Defendants Tacos Grand Central, Inc., Cesar Hernandez, Elias Doe, and Rodolfo Hernandez, alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL") § 190 *et seq.* for, *inter alia*, unpaid minimum and overtime wages. ECF No. 1. After reaching a settlement (the "Settlement"), ECF No. 29-1, the parties sought the Court's approval of their proposed agreement, and the Court denied the parties' motion without prejudice to renewal (the "Order"), ECF No. 39. Before the Court is the parties' revised settlement agreement (the "Revised Settlement"), ECF No. 44-1, and the parties' renewed motion for settlement approval (the "Revised Letter"), ECF No. 44.

    For the reasons stated below, the motion is DENIED without prejudice to renewal.

## DISCUSSION

**I.**    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress

made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still,

"counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.     Analysis

The Revised Settlement, like the Settlement, provides Plaintiff with a recovery of $7,500, inclusive of attorney's fees and costs. Revised Settlement ¶ 1; *see also* Revised Letter at 2. In the Revised Letter, the parties state that, based on Plaintiff's recollection, he would be entitled to a maximum recovery of $54,416.67 on all his claims. Revised Letter at 2. The parties further note that "Defendants have produced extensive records which would seriously complicate [Plaintiff's] case with regard to proving his hours worked and wages received, as well [as] the legitimacy of his status as a tipped worker and the sustainability of his recordkeeping claims." *Id.* And the parties explain that the Revised Settlement "is the result of arms-length bargaining between experienced counsel." *Id.* at 1. The Court notes that the proposed settlement amount, exclusive of attorney's fees and costs, is significantly lower than what Plaintiff estimated; it is only 9.18% of the estimated maximum recovery. Although this is on the low end of settlements approved in this Circuit, having considered the *Wolinsky* factors, the Court finds that it is fair and reasonable given the significant factual, legal, and evidentiary challenges Plaintiff would face at trial. *See, e.g.*, *Hernandez v. Vill. Nat. Rest. Corp.*, No. 19 Civ. 8378, 2020 WL 5518314, at *2 (S.D.N.Y. Sept. 14, 2020); *Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229, 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019).

The Court previously found that the Settlement's liability release provision was too broad. Order at 5–6. The Revised Settlement narrows the scope of the release clause, which now applies to Plaintiff instead of numerous individuals beyond Plaintiff, and applies only to claims Plaintiff has against Defendants "relating specifically to the wage and hour claims in the [l]itigation and any

claims that Plaintiff might have, but did not assert in the [l]itigation, against Defendants for violations of federal and state wages and hour and overtime laws that have occurred as of the date this [a]greement is signed." Revised Settlement ¶ 3.[1]  But, the Revised Settlement is still overbroad because it releases an impermissibly large number of entities from liability beyond Defendants, including "for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers." Revised Settlement ¶ 3; *see* Order at 5.  The Court cannot conclude that the Revised Settlement's release clause is "fair and reasonable," and, accordingly, shall not approve the Revised Settlement.

Finally, as to attorney's fees, the Court previously found that Plaintiff's counsel's requested fees and costs are fair and reasonable.  Order at 3–4.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to renewal.  By **September 29, 2023**, the parties may file a revised letter and settlement agreement consistent with this order.

SO ORDERED.

Dated: August 30, 2023
New York, New York

ANALISA TORRES
United States District Judge

---

[1] The Court also noted that Plaintiff had not been afforded any release from liability.  Order at 6.  The Revised Settlement now also includes a clause in which the Defendants release Plaintiff from liability.  *See* Revised Settlement ¶ 3.