UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL DE LA LUZ AGUILAR,

                              Plaintiff,

            -against-

TACOS GRAND CENTRAL, INC.  (D/B/A
TACOS TIMES SQUARE), CESAR
HERNANDEZ, ELIAS DOE, and RODOLFO
HERNANDEZ,

                              Defendants.

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED:  11/14/2023          │
└─────────────────────────────────┘
```

21 Civ. 1963 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

Plaintiff, Miguel De La Luz Aguilar, brings this action against Defendants Tacos Grand Central, Inc., Cesar Hernandez, Elias Doe, and Rodolfo Hernandez, alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL") § 190 *et seq.* for, *inter alia*, unpaid minimum and overtime wages.  ECF No. 1.  After reaching a settlement, the parties sought the Court's approval of their proposed agreement.  ECF No. 29-1.  The Court denied the parties' motion without prejudice to renewal.  *See* First Order, ECF No. 39.  The parties revised their settlement agreement (the "Revised Settlement") and renewed their motion for settlement approval.  ECF No. 44.  The Court again denied the parties' motion without prejudice to renewal.  *See* Second Order, ECF No. 46.

Before the Court is the parties' second revised settlement agreement (the "Second Revised Settlement"), ECF No. 49-1, and the parties' renewed motion for settlement approval (the "Second Revised Letter"), ECF No. 49.  For the reasons stated below, the motion is GRANTED and the settlement is approved.

**DISCUSSION**

I.    Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor

conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider "the totality of circumstances, including but not limited to the following factors":

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the

parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)).  Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

The Second Revised Settlement, like the previous settlement proposals, provides Plaintiff with a recovery of $7,500, inclusive of attorney's fees and costs.  Second Revised Settlement ¶ 1; *see also* Second Revised Letter at 2.  The Court previously found that this settlement, although "on the low end of settlements approved in this Circuit," was fair and reasonable given the significant challenges Plaintiff would face at trial.  Second Order at 3.

The Court, however, rejected the Revised Settlement, finding that its liability release provision was still too broad.  Second Order at 4.  The Second Revised Settlement further narrows the scope of the release clause, which now releases only Defendants—and no entities beyond Defendants—from liability.  Second Revised Settlement ¶ 3.  Accordingly, the Court concludes that Second Revised Settlement's release clause is "fair and reasonable," and shall approve the Second Revised Settlement.

Finally, as to attorney's fees, the Court previously found that Plaintiff's counsel's requested fees and costs are fair and reasonable.  First Order at 3–4.  Accordingly, the Court shall grant Plaintiff's counsel's request for attorney's fees.

3

**CONCLUSION**

For the foregoing reasons, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to terminate any pending motions, vacate all conferences, and close the case.

SO ORDERED.

Dated: November 14, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge

4